# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| EMILITA T. ARCIAGA, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:24-cv-2162-SHL-cgc |
| GULF HARBOR INVESTMENTS CORPORATION, | ) |
| Defendant. | ) |

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Gulf Harbor Investments Corporation's ("Gulf Harbor") Motion to Dismiss, filed June 11, 2024. (ECF No. 17.) Gulf Harbor argues that the case must be dismissed because the Court lacks personal jurisdiction. (ECF No. 17 at PageID 61.) Plaintiff Emilita Arciaga filed her response on July 9, 2024. (ECF No. 27.) For the following reasons, Defendants' Motion to Dismiss is **GRANTED**.

### BACKGROUND

This case involves the dispute over real property located at 5859 Amaray Cove, Horn Lake, Mississippi 38637. (ECF No. 1 at PageID 1.) Arciaga asserts that she is paying the first and only mortgage on the property that is serviced by Specialized Loan Servicing. (Id. at PageID 3.) Arciaga's mother was the original mortgagee, and, upon her mother's death, the property was conveyed to Arciaga's father. (Id. at PageID 2.) Sometime later, Arciaga's father signed a Quit Claim Deed, conveying the property to Arciaga. (Id.)

However, at some point, a second mortgage was taken out on the property with Countrywide Home Loans, Inc. in Memphis, Tennessee, which was recorded in Chancery Court

Book 2459 on Page 274. (Id. at PageID 2.) The mortgage appears to be signed by Arciaga's parents, but she asserts that that mortgage is a forgery. (Id. at PageID 3.)

After years of no payments or notices, on December 26, 2018, Mortgage Electronic Registration Systems, Inc., a beneficiary and nominee for Countrywide Home Loans, Inc., assigned the deed of trust for the second mortgage ("Deed of Trust") to Gulf Harbor.[1] (Id. at PageID 3, 10.) That assignment took place in the office of the Chancery Clerk of DeSoto County, Mississippi. (Id. at PageID 10.) Gulf Harbor later began a "phantom creditor" foreclosure and claims to own the property. (Id. at PageID 3.) Arciaga "was advised" that an eviction case was filed against her for possession of the property at issue. (Id.)

On March 12, Arciaga filed a Complaint[2] to Set Aside Foreclosure Deed, for Forgery on Underlying Deed, and to Issue Temporary Restraining Order[3], Preliminary Injunction and/or

---

[1] This information is taken from Exhibit 2 to the Complaint, the Deed of Trust. (ECF No. 1 at PageID 10.) In general, matters outside the pleadings are not to be considered by the court in ruling on a 12(b)(6) motion to dismiss. Katt v. Titan Acquisitions, Ltd., 133 F. Supp. 2d 632, 637 (M.D. Tenn. 2000). However, documents that are attached to and incorporated by reference into a complaint may be considered in resolving a motion to dismiss. (Id.) Therefore, the Court will consider this document when ruling on the present motion.

[2] Initially, McCalla Raymer Leibert Pierce LLP ("McCalla") was named as a Defendant. However, on June 13, 2024, the Parties filed a joint motion to dismiss McCalla from the case. (ECF No. 20.) That motion was granted on June 18, 2024. (ECF. No. 22.)

[3] The same day, Arciaga filed a Motion for a Temporary Restraining Order, Preliminary Injunction, and Permanent Injunction, to "preserve the Plaintiff in possession of her home[.]" (ECF No. 2 at PageID 21.) On June 27, 2024, the Court set a hearing on that motion. (ECF Nos. 25, 26.) Over two weeks later, the Parties filed a joint motion to cancel the injunction hearing, explaining that "[p]rior to the Court setting the hearing, the Parties had . . . agreed to stay any eviction proceeding as long as this action remains active and pending. (ECF No. 29 at PageID 196.) The Parties did not inform the Court of this agreement until four days before the hearing. This failure to communicate wasted the Court's time, and the Parties are cautioned not to do so in the future. Because the Motion to Dismiss is **GRANTED**, the Motion to Cancel the Injunction Hearing is **DENIED** as moot.

Permanent Injunction to Prevent Eviction. (ECF No. 1.) Arciaga seeks for the Deed of Trust to be voided and for $1,000,000 in damages "for trying to collect and foreclose on a very old fraud." (Id. at PageID 4.)

Arciaga asserts that this court has jurisdiction pursuant to 28 U.S.C. § 1332 because "diversity of citizenship exists in and among the parties." (Id. at PageID 2.) Arciaga is a resident of Texas, and Gulf Harbor is incorporated in Delaware with its principal place of business in Florida. (Id.; ECF No. 12 at PageID 48.) Arciaga argues this case is properly brought in the Western District of Tennessee because "the original forged document creating a lien for Gulf Harbor Investment[s] Corporation was believed to have been signed or originated in a loan office of Countrywide Mortgage that was located on Summer Avenue," in Memphis, Tennessee. (ECF. No. 1 at PageID 2.) Defendant seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(2), arguing that the Court does not have personal jurisdiction over Gulf Harbor because it did not have sufficient contact with the state of Tennessee.[4] (ECF No. 17.)

## LEGAL STANDARD

"Personal jurisdiction is '[a]n essential element of the jurisdiction of a district . . . court' and without personal jurisdiction the court is 'powerless to proceed to an adjudication.'" Mgmt. Registry, Inc. v. Cloud Consulting Partners, Inc., No. 3:19-CV-00340-JHM, 2019 WL 4478860, at *3 (W.D. Ky. Sept. 18, 2019) (quoting Emp'rs Reinsurance Corp. v. Bryant, 299 U.S. 374, 382 (1937)). In order to defeat a motion to dismiss under Rule 12(b)(2), the plaintiff must make a prima facie case that the court has personal jurisdiction. Conn v. Zakharov, 667 F.3d 705, 711

---

[4] In the alternative, Gulf Harbor moves to dismiss pursuant to Rule 12(b)(6). However, because the Court finds it does not have personal jurisdiction over Gulf Harbor, it need not address those arguments.

3

(6th Cir. 2012). The court must consider the pleadings in the light most favorable to the plaintiff, but also must consider any undisputed factual assertions by the defendant. Id.

## ANALYSIS

Jurisdiction must be permitted by both the state's long-arm statute and federal constitutional law in order to be properly exercised. See Brunner v. Hampson, 441 F.3d 457, 463 (6th Cir. 2006). Tennessee's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the federal constitution, so the analysis is the same. See Smith v. Home Depot USA, Inc., 294 F. App'x 186, 189 (6th Cir. 2008). Personal jurisdiction is constitutional if the defendant has sufficient "certain minimum contacts with [the forum] such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" In re Nat'l Century Fin. Enter., Inc. Inv. Litig., 617 F. Supp. 2d 700, 708 (S.D. Ohio 2009) (quoting Int'l Shoe v. Washington, 326 U.S. 310, 316 (1945)).

Federal courts may exercise two varieties of personal jurisdiction: general jurisdiction or specific jurisdiction. See S. Concrete Prod., Inc. v. Liberty Holdings, L.P., No. 1:19-cv-01105-STA-jay, 2021 WL 5099601, at *2 (W.D. Tenn. Nov. 2, 2021) (quoting Int'l Shoe Co., 326 U.S. at 316). Here, Arciaga asserts that the court has specific jurisdiction over Gulf Harbor because the second mortgage was taken out at "Countrywide Loan Office" in Memphis, Tennessee. (ECF No. 27 at PageID 181.)

In order for specific jurisdiction to exist, the court must determine that: "(1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) assertion of personal jurisdiction is reasonable and fair." See Beydoun v. Wataniya Rests. Holding, Q.S.C., 768 F.3d 499, 505 (6th Cir. 2014). To satisfy the first prong—the "purposeful availment" requirement—Gulf Harbor must have engaged in some overt

action creating a connection with the forum state.  See id. at 505–06 (citing Fortis Corp. Ins. v. Viken Ship Mgmt., 450 F.3d 214, 218 (6th Cir. 2006)).  That connection must be so substantial that the defendant should reasonably anticipate being haled into court there.  Bridgeport Music, Inc. v. Still N The Water Pub., 327 F.3d 472, 482 (6th Cir. 2003).

This case involves property in Mississippi, a plaintiff in Texas, and a defendant incorporated in Delaware with its principal place of business in Florida.  The only connection to Tennessee is that the Deed of Trust was allegedly forged here.  Arciaga has not alleged any action by Gulf Harbor that connects them to Tennessee.  Gulf Harbor was merely an assignee of the Deed of Trust, and that assignment took place in Mississippi.  Even assuming that the Deed of Trust was forged in Tennessee, Gulf Harbor was not present for, and did not participate in that forgery.  There is nothing on the face of the Complaint that shows Gulf Harbor took any action that would lead it to believe it could be sued in Tennessee.  See Williams v. Firstplus Home Loan Owner Trust 1998-4, 310 F. Supp. 2d 981, 995 (W.D. Tenn. 2004).  Thus, Gulf Harbor's Motion to Dismiss is **GRANTED** for lack of personal jurisdiction.

## CONCLUSION

For the reasons above, Defendants' Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED,** this 16th day of July, 2024.

                              s/ Sheryl H. Lipman
                              SHERYL H. LIPMAN
                              CHIEF UNITED STATES DISTRICT JUDGE